## SUPREME COURT.

### GERE agt. SUPERVISORS OF CAYUGA COUNTY.

A public officer who is liable to be sued for services rendered for the public at his request, may confess a judgment in his official capacity, for the amount.

The supervisors of the county are, however, not concluded by the judgment; they have a right to go behind it and inquire whether the whole or any part of the cause of action was a county charge.

The overseer of the poor can not incur for the county a liability beyond the sum of ten dollars, for relief in a single case, without the consent of one of the superintendents of the poor.

But with this restriction, his power of giving temporary relief is independent of the control of the superintendents of the poor.

*Cayuga Circuit and Special Term, November* 1851. This was an application on the part of Joel Gere, for a mandamus to compel the board of supervisors of Cayuga county to audit and allow a judgment for $14·96 damages and 47 cents costs in his favor, against Gilbert Westfall, overseer of the poor of the town of Niles in said county, and to add the amount of said judgment, with the interest, to the amount of tax to be laid upon the county according to statute. The affidavit on which the application is founded, shows that the demand was for services rendered as physician and surgeon, and medicine "for the said Gilbert Westfall, overseer of the poor of Niles, and at the request of said Westfall, as such overseer." And also, that the said board, by a vote of the majority of its members, refused to allow said judgment or pay the same, or include it in the charges to be levied upon the county. The judgment was by confession before a justice of the peace.

Gere agt. Supervisors of Cayuga.

In answer to the order for that purpose, the board of supervisors appeared and showed for cause, that the services for which the judgment.was confessed, were rendered for one Ursula Barber, a pauper, residing in the north district of the town of Niles, at the request of the overseer of said town, without the approbation or consent of the superintendents of the poor of the said county, or either of them.    That the superintendents of the poor of the county had made an arrangement by contract with doctors Baker and Devoe, for all medical services and attendance which should be required by any pauper in said district, at a stipulated price; that said arrangement was known to said overseer and Gere; and that said overseer was directed by one of the superintendents to employ said Baker and Devoe before employing said Gere.    And they insisted that no mandamus should issue for the following reasons:

1. Because the said overseer of the poor of the town of Niles had no lawful authority to confess the judgment in question, and that it is absolutely void.

2. Because the overseer had no lawful authority to incur a liability beyond ten dollars for relief to a pauper without first having obtained the consent in writing of one of the superintendents.

3. Because the authority of the superintendents of the poor of Cayuga county is superior and paramount to that of the overseer of the poor of the town of Niles, and that when the autority of the former had been exercised in making a specific provision for medical care of the poor of a certain district for a certain time, and the overseer of the town was notified of the fact, he, said overseer, could not lawfully employ another physician, and thus subject the county to the payment of double charges for medical care of the poor of said district.

4. Because an overseeer can not do any act in the administration of temporary relief to the poor, by which he can lawfully subject the county to pay more than ten dollars in one case, except with the consent of one of the superintendents, and any judgment for an amount exceeding that sum must be either void in whole or for the excess.

GEO. RATHBONE, *for Motion*

B. F. HALL, *Opposed.*

JOHNSON, Justice—I see no reason why a public officer, who is liable to be sued for services rendered for the public at his request, may not confess a judgment for the amount as well as any other person. The justice is authorized by statute (2 *R. S.* 245, § 113) to enter a judgment by confession of the defendant, *in any case* where the debt or damages confessed shall not exceed $250. Certain requisites prescribed by § 114 must be complied with or the judgment is void as against all persons, except the defendant making the confession, and bona fide purchasers under the judgment.

The statute is broad enough to include public officers, and I am of opinion that in every case where a person is liable to be prosecuted to judgment, he may lawfully confess a judgment for the amount justly due. I can conceive no sound reasons of public policy, which require the public to be burthened with the costs of litigation in every case where a claimant proceeds to put his demand into judgment. There is no pretence that all the requirements of the statute were not complied with.

But the judgment is for a sum exceeding ten dollars damages. The moving affidavit does not show to what person, or on what particular occasion, the services were rendered. The answer of the board shows that the services were rendered to a single pauper, and without the sanction in writing, or otherwise, of one of the superintendents of the poor of the county. This being the case, the whole of the judgment was not a county charge. It is conceded that the paupers in this county are to be supported at the expense of the county. In such cases the overseer of the poor of any town can not bind the county by the expenditure of any greater sum than ten dollars in a single case, without the sanction, in writing, of one of the superintendents; and to that extent, only in cases where the person applying requires only temporary relief, or is unable by sickness or infirmity to be removed to the county poor house (1 *R. S.* 624, 625, § 42). If the overseer transcends his authority, he does it at his peril, and at his own personal charge and expense. He can not impose bur-

thens upon the public any farther than the statute gives him power to do so. And all persons employed by him are bound to know the law and take notice of the extent of this statutory power. The board of supervisors were not bound to include the judgment in the tax to be laid upon the county, although it was against an overseer of the poor, and for services rendered to a pauper at his request, unless the judgment was rendered "on account of the liability of such county" (2 *R. S.* 474, 475, § 102, 103).

It was manifestly the duty of the board of supervisors to inquire and ascertain whether the county was liable for the services before allowing the judgment, and including the amount in the tax to be levied. They were by no means concluded by the judgment, but had the right to go behind it, and inquire into the character of the services upon which it was founded.

As the county, under no circumstances, could be made liable for any greater sum than ten dollars in such a case, the mandamus to compel the allowance of the whole judgment must be denied.

But I am of opinion that the overseer in the administration of temporary relief, within the limit of his powers, was not bound to employ the physicians with whom the superintendents had entered into contract. To the extent of his authority it is a discretionary power, to be exercised according to his own judgment. This power of giving temporary relief to this limited extent, is vested in the overseer of the poor in the town by statute, and the superintendents have no right to overrule or control him in the exercise of such powers. Nor is he in any way answerable to them for an indiscreet or injudicious exercise of his discretion. It might have been much more economical and quite as serviceable to the pauper to whom the relief was afforded, had the overseer employed the physicians who were under contract to administer to all paupers within the district. But I do not think he was bound to employ them. If he had a duty to perform, it was his right to exercise his own judgment in the premises, and employ such physician as he deemed most competent to prescribe for the case (Exparte Green and Brown, 4 *Hill,* 558).

It is not pretended that it was not a proper case for temporary relief to be ordered by the overseer. And, as the case stands,

had the judgment been for ten dollars, it being for relief in a single case only, or had the applicant only asked the board of supervisors for the allowance of ten dollars upon the judgment, it should, in my judgment, have been allowed and included in the amount of the county tax. But as they were required to allow the whole judgment, their refusal was proper. That being the ground of the application here, the mandamus is denied.